IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01738-RPM-BNB

TERRENCE BALLOWE,

    Plaintiff,

v.

DEPOSITORS INSURANCE COMPANY,

    Defendant.

___

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
___

COMES NOW the Defendant, Depositors Insurance Company, by and through the undersigned, John P. Craver of White and Steele, P.C., and pursuant to F.R.C.P. 56, makes the following motion for summary judgment:

Pursuant to D.C.Colo.LCivR 7.1(a), defendant certifies they spoke with counsel for plaintiff in order to confer regarding the relief requested. Plaintiff opposes the relief requested.

I. **Factual and Procedural Background**

Plaintiff claims that on January 25, 2009 a fire destroyed his property known as the "Creekside Bed and Breakfast" in Black Hawk, Colorado (hereinafter the "Property"). At the time of the fire, the Property was insured with defendant Depositor's Insurance Company under a homeowner's insurance policy (hereinafter the "Policy"). *See* A copy of the insuring agreement attached as **Exhibit A**. On January 26, 2009, plaintiff filed a claim with defendant for damage to the Property caused by the fire.

Defendant began investigating plaintiff's claim. While defendant's investigation of the claim was continuing, on August 10, 2009, the State of Colorado filed charges against plaintiff in connection with the fire at the Property for Third Degree Arson and First Degree Arson. *See* Complaint and Information attached as **Exhibit B**. Five months later, on January 21, 2010, defendant denied plaintiff's claim in accordance with the intentional acts exclusion due to arson by the named insured, due to the misrepresentation or concealment provision, and due to the failure to cooperate in requests for information relative to the claim. *See* Correspondence dated January 21, 2010 attached as **Exhibit C**.

Days after the denial, on January 24, 2010, and while the criminal charges were still pending, plaintiff filed this litigation against Depositor's asserting claims for breach of contract and bad faith breach of contract due to the defendant's denial of his insurance claim. *See* Complaint. Due to the ongoing criminal action against Mr. Ballowe in Gilpin County District Court, this Court stayed the civil action on September 30, 2010 "pending outcome of state criminal case." *See* Minute Order dated September 30, 2010.

The criminal matter proceeded to verdict and Mr. Ballowe was found guilty of first degree arson and third degree arson. *See* Jury Verdicts attached hereto as **Exhibit D**. On November 12, 2013, this Court ordered the stay lifted. The criminal case has been set for a sentencing hearing on December 27, 2013.

## II.     Summary of the Argument

Plaintiff claims this defendant breached its contract because it failed to pay him for the damages to the Property due to the fire. However, the Policy includes an Intentional Loss Exclusion for any loss intentionally committed by the insured. Because the plaintiff has been

found guilty of first degree arson and third degree arson for knowingly setting fire to the home and intentionally damaging the Property in order to defraud this defendant, the plaintiff's claim is excluded by the Intentional Loss exclusion. Additionally, because the plaintiff has been found guilty of third degree arson for intentionally damaging the Property in order to defraud this defendant, plaintiff's claim is excluded by the Concealment or Fraud Provision. Because no amounts are due to the plaintiff, defendant did not breach its contract and plaintiff's claim for breach of contract fails as a matter of law.

Similarly, because no coverage is owed, as a matter of law plaintiff cannot show defendant denied a valid claim. Further, Depositor's had a reasonable basis in law and fact for its actions. At a minimum, the claim was fairly debatable. For all of these reasons, defendant cannot be found to have acted in bad faith. Thus, plaintiff's claim for bad faith breach of insurance contract fails as a matter of law. For all of these reasons, all of plaintiff's claims for relief fail and must be dismissed with prejudice and judgment must enter in defendant's favor.

**III.     Undisputed Facts**

1. Mr. Ballowe owned the Property known as the Creekside Bed and Breakfast located at 531 Chase Street, in Black Hawk, Colorado.

2. Plaintiff purchased insurance for the Property with Depositor's Insurance Company effective April 25, 2008 through April 25, 2009. *See* **Exhibit A**.

3. On January 25, 2009 a fire destroyed the Property known as the "Creekside Bed and Breakfast" in Black Hawk, Colorado.

4. One day later, on January 26, 2009 plaintiff filed a claim with defendant pursuant to the Policy claiming damage to the Property caused by the fire.

5. On August 10, 2009, plaintiff was charged with Third Degree Arson and First Degree Arson in violation of C.R.S. §18-4-104(1) and §18-4-102(1). *See* **Exhibit B**.

6. On January 21, 2010, defendant denied the claim pursuant to the Intentional Loss Exclusion, due to the misrepresentation and concealment provision, and due to the failure to cooperate under the policy. *See* **Exhibit C**.

6. Mr. Ballowe has been found guilty of First Degree Arson and Third Degree Arson in connection with the fire at the Property. *See* **Exhibit D**.

7. Colorado law provides:

> A person who knowingly sets fire to, burns, causes to be burned, or by the use of any explosive damages or destroys, or causes to be damaged or destroyed, any building or occupied structure of another without his consent commits first degree arson.

C.R.S. §18-4-102(1).

8. In Colorado a person acts "knowingly" when

> he is aware that his conduct is of such a nature or that such circumstance exists. A person acts "knowingly" or "willfully", with respect to a result of his conduct, when he is aware that his conduct is practically certain to cause the result.

C.R.S. §18-1-501(6).

9. Colorado law provides:

> A person who, by means of fire or explosives, intentionally damages any property with intent to defraud commits third degree arson.

C.R.S. §18-4-104(1).

10. In Colorado, a person acts "intentionally"

> when his conscious objective is to cause the specific result proscribed by the statute defining the offense. It is immaterial to

the issue of specific intent whether or not the result actually occurred.

C.R.S. §18-1-501(5).

11. The Policy provides:

> We do not provide coverage to an "insured" who, whether before or after a loss, has:
>
> 1. Intentionally concealed or misrepresented any material fact or circumstance;
> 2. Engaged in fraudulent conduct; or
> 3. Made false statements;
>
> relating to this insurance.

*See* **Exhibit A** at page 26.

12. The Policy excludes coverage for:

> **8. Intentional Loss**
>
> Intentional Loss means any loss arising out of any act an "insured" commits or conspires to commit with the intent to cause a loss.
>
> In the event of such loss, no "insured" is entitled to coverage, even "insureds" who did not commit or conspire to commit the act causing the loss.

*See* **Exhibit A** at page 15 of 28.

13. Plaintiff has conceded his conviction in pleadings to this Court. *See* Joint Status Reports dated 7/22/13, 8/22/13, 9/19/13, and 10/21/13.

14. Depositor's Insurance Company is a wholly owned subsidiary of Allied Insurance Company. *See* Affidavit of Scott Smith, attached as **Exhibit E**.

5

## IV. Legal Authority

### A. Legal Authority Regarding Determinations of Law

Fed. R. Civ. P. 56 governs motions for summary judgment and provide that a defendant may move at any time for summary judgment in its favor. Summary judgment may be entered if the pleadings, depositions, interrogatory answers, admissions, and affidavits show an absence of any genuine issue of material fact. Fed. R. Civ. P. 56(c). The purpose of a motion for summary judgment is to pierce the allegations and assess proof to determine whether a trial is genuinely needed. *Burk v. K-Mart Corp.*, 956 F.2d 213, 215 (10th Cir. 1991). In examining a motion for summary judgment, the evidence and all reasonable inferences are viewed in the light most favorable to the non-moving party. *Robinson v. Union Pacific Railroad*, 98 F. Supp.2d 1211, 1213-14 (D. Colo. 2000). However, once the moving party shows an absence of a genuine issue of material fact, the non-moving party cannot rest merely on the pleadings but must prove a genuine issue of material fact exists. *Id*. at 1214. The fact that a scintilla of evidence supports the non-moving party's position alone is insufficient to create a genuine issue of material fact. *Id*.

### B. Colorado Law Regarding Insurance Policy Interpretation

Insurance policies are contracts and must be construed according to rules for contract construction. *Farmers Ins. Exchange v. Chacon*, 939 P.2d 517, 519 (Colo. App. 1997). The interpretation of an insurance policy, like with other written contracts, presents a question of law, and therefore is appropriate for summary judgment. *Tynan Nissan, Inc., v. American Hardware Mut. Insur. Co.*, 917 P.2d 321, 323 (Colo. App. 1995). In interpreting an insurance policy, Courts must enforce the policies so as to carry out the intent of the parties which is

ascertained by the policy language alone. *Bengtson v. USAA Property and Cas. Ins.*, 3 P.3d 1233, 1235 (Colo. App. 2000). In interpreting insurance policies the words used must be giving their plain meaning according to common usage and strained constructions must be avoided. *Shean v. Farmers Ins. Exchange*, 934 P.2d 835, 837 (Colo. App. 1996). Courts cannot rewrite an unambiguous insurance policy or use strained constructions of the words in order to limits its effect. *General Ins. Co. of America v. Smith*, 874 P.2d 412, 414 (Colo. App. 1993).

C.  **Intentional Acts Exclusion**

The purpose of the intentional acts exclusion is to "… prevent extending to the insured a license to commit harmful, wanton or malicious acts." *American Family Mutual Ins. Co. v. Johnson*, 816 P.2d 952, 957 (Colo. 1991). Once the intent of a person is determined through a criminal action, it cannot be re-litigated in a subsequent civil action to avoid the intentional acts exclusion. *Poole v. State Farm Fire & Cas. Co.*, 941 F. Supp. 964, 969 (D. Colo. 1996); *Colorado Farm Bureau Mutual Ins. Co. v. Snowbarger*, 934 P.2d 909, 911 (Colo. App. 1997); *Swentkowski v. Dawson*, 881 P.2d 437, 440 (Colo. App. 1994); *A-1 Auto Repair & Detail, Inc. v. Bilunas-Hardy*, 93 P.3d 598, 601-603 (Colo. App. 2004).

D.  **Bad Faith Breach of Contract**

Colorado imposes a duty of good faith and fair dealing in every contract, the breach of which will generally only provide a claim for breach of contract and not a claim for tort liability. *Goodson v. American Standard Insurance Co.*, 89 P.3d 409, 414 (Colo. 2004). However, because of the special nature of the relationship which exists between an insurer and an insured, the breach of the duty of good faith and fair dealing in the insurance context will give rise to tort liability. Goodson, 89 P.3d at 414. An insurer can only be found liable for bad faith

7

breach of contract for, "unreasonably refusing to pay a claim and failing to act in good faith, not the insured's ultimate financial liability." *Goodson*, 89 P.3d at 414.

In the first party context, the insurer's conduct is not judged on a negligence standard, rather,

> …in the first-party context an insurer acts in bad faith in delaying the processing of or denying a valid claim when the insurer's conduct is unreasonable and that the insurer knows that the conduct is unreasonable or recklessly disregards the fact that the conduct is unreasonable.

*Travelers Insurance Co. v. Savio*, 706 P.2d 1258, 1275 (Colo. 1985); *Farmers Group, Inc. v. Williams*, 805 P.2d 419, 421 (Colo. 1991); *Goodson*, 89 P.3d at 415 (Colo. 2004); C.R.S. §10-3-113(3). To prove bad faith in a first party bad faith claim, the plaintiff must establish "that the insurer acted unreasonably and with knowledge of or reckless disregard of its unreasonableness." *Pham v. State Farm Mutual Automobile Insurance Co.*, 70 P.3d 567, 572 (Colo. App. 2003). Citations omitted. Reasonableness "depends upon whether the actions were predicated on a rational argument based on law or fact." *Diversified Veterans Corporate Center v. Hewuse*, 942 P.2d 1312, 1313 (Colo. App. 1997).

An insurer will only be considered to have acted in bad faith if "there is no rational argument based on law or evidence that could be made in support of that appeal." *Tozer v. Scott Wetzel Services, Inc.*, 883 P.2d 496, 499 (Colo. App. 1994) quoting *Western United Realty, Inc. v. Isaacs*, 679 P.2d 1063, 1069 (Colo. 1984). "If an insurer does not know that its denial of a claim is unreasonable and does not act with reckless disregard of a valid claim, the insurer's conduct would be based upon a permissible, albeit mistaken, belief that the claim is not compensable." *Pham*, 70 P.3d at 572. Further, Colorado has held:

8

> An insurer may challenge claims which are fairly debatable. If as here, an insurer maintains a mistaken belief that the claim is not compensable, it may be within the scope of permissible challenge even if its belief is incorrect.

*Brennan v. Farmers Alliance Mutual Insurance Co.*, 961 P.2d 550, 557 (Colo. App. 1998); *Sanderson v. Am. Family Mut. Ins. Co.*, 251 P.3d 1213, 1218 (Colo. App. 2010; *Pham*, 70 P.3d at 572.

V. **Argument**

    A. **Plaintiff's Claim for Breach of Contract Fails Pursuant to the Intentional Loss Exclusion**

In order for the plaintiff to succeed on his claim for breach of contract, he must prove:

> (1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by defendant; and (4) resulting damages to the plaintiff.

*Western Distributing Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992). *See also* Colo. CJI 30:10 (2013). A contract is breached when there has been a "failure to perform a contractual promise when performance is due." *See*, Colo. CJI 30:11 (2013). Here, the contract at issue is the insuring agreement which insured against "direct physical loss" to the Property subject to the terms and conditions of the Policy. *See* **Exhibit A**. Thus, in order to have a *prima facie* claim for breach of contract, the plaintiff must show that defendant failed to perform by failing to pay a covered loss under the Policy.

It is undisputed the Policy in this case excludes coverage for a loss if the insured acts with the intent to cause a loss. *See* **Exhibit A** at page 15 at paragraph 8, Intentional Loss. This provision is unambiguous and therefore it must be enforced as written. *Smith*, 874 P.2d at

9

414. When an insured is found to have acted intentionally in a criminal action, the insured will be found to have acted intentionally in any subsequent civil action because the issue of intent, once determined, cannot be re-litigated. *Poole*, 941 F. Supp. at 969; *Snowbarger*, 934 P.2d at 911; *Swentkowski*, 881 P.2d at 440; and *A-1 Auto Repair & Detail, Inc.*, 93 P.3d at 601-603. Thus, as a matter of law, if the plaintiff has been found to have acted intentionally in connection with the fire at the Property in the criminal action, the plain and unambiguous terms of the insuring agreement exclude coverage for the plaintiff's claim.

Here, it is undisputed the plaintiff has been found guilty of First Degree Arson which means he knowingly set fire and burned the Property. C.R.S. §18-4-102(1). Thus, as a matter of law, it is undisputed the plaintiff was aware that his conduct would cause damage to the Property. C.R.S. §18-1-501(6). Further, it is undisputed the plaintiff has been found guilty of Third Degree Arson which means he intentionally damaged the Property with the intent to defraud this defendant. C.R.S. §18-4-104(1). *See also* **Exhibit B**. Thus, as a matter of law, it is undisputed the plaintiff's conscious objective was to damage the Property in order to defraud this defendant. C.R.S. §18-1-501(5). The fact that the plaintiff acted knowingly and intentionally with respect to the loss has been conclusively established through the criminal trial and cannot be re-litigated in this action. *Poole*, 941 F. Supp. at 969; *Snowbarger*, 934 P.2d at 911; *Swentkowski*, 881 P.2d at 440; and *A-1 Auto Repair & Detail, Inc.*, 93 P.3d at 601-603.

In sum, it is undisputed that plaintiff knowingly and intentionally damaged the Property, and therefore, all of the damages claimed are excluded by the Intentional Loss Exclusion of the Policy. *See* **Exhibit A** at page 15. Because all of the damages are excluded under the Policy, plaintiff's claim was not covered and no payment was owed. Because no

payment was owed, the plaintiff cannot show defendant failed to perform under the contract and thus, as a matter of law, there was no breach of the contract. *Diodosio*, 841 P.2d at 1058; Colo. CJI 30:10 and 30:11 (2013). For all of these reasons, plaintiff's claim for breach of contract fails pursuant to the Intentional Loss Exclusion and must be dismissed with prejudice with judgment entering in defendant's favor.

### B. Plaintiff's Claim for Breach of Contract Fails Pursuant to the Concealment or Fraud Provision

Similarly, plaintiff's claim for breach of contract fails because he cannot prove that defendant failed to perform under the contract or that he substantially complied with his portion of the contract due to his own fraudulent conduct. Colo. CJI 30:10 and 30:11 (2013). Specifically, the plaintiff has been found guilty of third degree arson which means he intentionally damaged the Property with the intent to defraud this defendant. C.R.S. §18-4-104(1). Thus, it is undisputed the plaintiff's conscious objective was to damage the Property in order to defraud this defendant. C.R.S. §18-1-501(5). *See also* **Exhibit B**. As a matter of law, it has been conclusively established the plaintiff acted "with intent to defraud." . C.R.S. §18-4-104(1). *See also* **Exhibit B**. The fact that the plaintiff acted "with intent to defraud," having been conclusively established through the criminal trial, cannot be re-litigated in this action. *Poole*, 941 F. Supp. at 969; *Snowbarger*, 934 P.2d at 911; *Swentkowski*, 881 P.2d at 440; and *A-1 Auto Repair & Detail, Inc.*, 93 P.3d at 601-603.

The Policy excludes coverage if an insured has "engaged in fraudulent conduct." *See* **Exhibit A** at page 26. The term "fraudulent conduct" is not defined in the contract. In interpreting the Policy, if a term is not defined, the words used must be giving their plain meaning according to common usage and strained constructions must be avoided. *Shean*, 934

11

P.2d at 837.  Giving the terms used their plain meaning according to common usage, it is clear that conduct which was engaged in "with intent to defraud" equates to "fraudulent conduct." Therefore, it is undisputed the insured has "engaged in fraudulent conduct" in violation of the terms of the Policy.  Such a finding is in accordance with long standing contract law in Colorado which provides that "a party to a contract cannot claim its benefit where he is the first to violate its terms."  *Coors v. Security Life of Denver Ins. Co.*, 112 P.3d 59, 64 (Colo. 2005) *citing Scientific Packages Inc. v. Gwinn*, 301 P.2d 719, 722 (Colo. 1956).

In sum, it is clear that by engaging in fraudulent conduct, the plaintiff has not complied with his portion of the contract.  Further, pursuant to the Concealment or Fraud Provision of the Policy there is no coverage for plaintiff's claim and no payment is due.  For all of these reasons, plaintiff's claim for breach of contract fails pursuant to the Concealment or Fraud Provision of the policy, plaintiff's claim must be dismissed with prejudice and judgment must be entered in defendant's favor.  Colo. CJI 30:10 and 30:11 (2013).

  **C.**  **Plaintiff's Claim for Bad Faith Fails**

In order to have a *prima facie* claim for common law bad faith, the plaintiff must show that the defendant delayed or denied a valid claim; that the conduct was unreasonable; and that the defendant knew or recklessly disregarded the fact its conduct was unreasonable.  *Savio*, 706 P.2d at 1275 *Williams*, 805 P.2d at 421, *Goodson*, 89 P.3d at 415 (Colo. 2004); C.R.S. §10-3-113(3); *Pham*, 70 P.3d at 572.  Whether this defendant's actions were reasonable "depends upon whether the actions were predicated on a rational argument based on law or fact." *Hewuse*, 942 P.2d at 1313.  Further, if a claim is fairly debatable, an insurer cannot be found liable for bad

faith as a matter of law. *Brennan*, 961 P.2d at 557; *Sanderson*, 251 P.3d at 1218; *Pham*, 70 P.3d at 572.

Here, it is undisputed plaintiff's claim for bad faith fails as a matter of law. First, plaintiff cannot show that defendant delayed or denied a ***valid*** claim. As discussed in detail above, it is undisputed that no payment was due under the policy pursuant to the Intentional Loss Exclusion and the Concealment or Fraud Provision of the Policy. *See* **Exhibit A** at pages 15 and 26. Second, it is clear the plaintiff cannot show this defendant acted unreasonably in denying the claim. At the time of the denial, plaintiff had already been charged with First Degree Arson and Third Degree Arson. *See* **Exhibits B** and **C**. At the time this defendant denied plaintiff's claim, it clearly had a rational argument the plaintiff's claim was not covered based upon the fact plaintiff was criminally charged, based upon the terms and conditions of the Policy, and in accordance with Colorado law. *Hewuse*, 942 P.2d at 1313. Further, plaintiff has now been found guilty of both First Degree Arson and Third Degree Arson. *See* **Exhibit D**. All of these facts suggest that at a minimum, the claim was fairly debatable and as a matter of law, this defendant cannot be liable for denying claims which were fairly debatable. *Brennan*, 961 P.2d at 557; *Sanderson*, 251 P.3d at 1218; *Pham*, 70 P.3d at 572. For all of these reasons, plaintiff's claim for bad faith fails as a matter of law, must be dismissed with prejudice, and judgment must be entered in defendant's favor.

**VI.** <u>**Conclusion**</u>

In conclusion, the policy specifically excludes coverage if the insured intends to cause a loss. The plaintiff has been convicted of first degree arson which means it has been conclusively established the plaintiff knowingly damaged the Property. Additionally, the plaintiff has been

convicted of third degree arson which means it has been conclusively established the insured intentionally damaged the Property with the intent to defraud. Plaintiff may not re-litigate the issue of his intent in this litigation in order to avoid the Intentional Loss Exclusion of the Policy. *Poole*, 941 F. Supp. at 969; *Snowbarger*, 934 P.2d at 911; and *Swentkowski*, 881 P.2d at 440. Because it is undisputed the plaintiff intentionally caused the loss, it is clear the plaintiff's claim is excluded by the Intentional Loss Exclusion of the policy.

Additionally, because the plaintiff has been convicted of third degree arson, it has been conclusively established the plaintiff acted "with intent to defraud" this defendant. The Policy excludes coverage if an insured has "engaged in fraudulent conduct." Because it is undisputed the plaintiff engaged in fraudulent conduct by intentionally damaging the Property with the intent to defraud this defendant, it is clear the plaintiff failed to comply with his duties under the contract. It is undisputed the Policy does not provide coverage for plaintiff's claim pursuant to the Concealment or Fraud Provision. For all of these reasons, because no payment is due and because the plaintiff has not complied with his portion of the contract, plaintiff's claim for breach of contract fails.

Finally, because defendant did not breach its contract, plaintiff cannot show this defendant denied a valid claim. Further, it is undisputed this defendant did not act unreasonably. At a minimum, whether plaintiff's claim was covered was fairly debatable. Thus, plaintiff's claim for common law bad faith fails. For all of these reasons, all of plaintiff's claims fail as a matter of law and must be dismissed with prejudice and judgment must enter in favor of defendant.

WHEREFORE, defendant respectfully requests this Court enter an order dismissing all claims against it with prejudice, entering judgment in its favor, and for such other and further relief as this Court deems just and proper.

Respectfully submitted this 8th day of January, 2014.

                                      s/ John P. Craver
John P. Craver
White and Steele, P.C.
Dominion Towers, North Tower
600 17th Street, Suite 600N
Denver, CO 80202-5406
Telephone: 303-296-2828
Facsimile: 303-296-3131
Email: jcraver@wsteele.com
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

      I certify that on the 8th day of January, 2014, a true and correct copy of the foregoing, **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**, was electronically filed via the *ECF System* and emailed to the following:

    M. Gabriel McFarland, Esq.
    Evans & McFarland, LLC
    gmcfarland@emlawyers.com
    *Attorneys for Plaintiff*

                                       s/ Violet Perry
                                       for White and Steele, P.C.